# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 20-1370V
UNPUBLISHED

|  |  |
|---|---|
| DALLAS CHAPMAN, | Chief Special Master Corcoran |
| Petitioner, | Filed: December 14, 2022 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Petitioner's Motion for a Decision Dismissing the Petition; Insufficient Evidence; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Naseem Kourosh, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION[1]

On October 13, 2020, Dallas Chapman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving an influenza ("flu") vaccine on November 5, 2018. Petition at 1, ¶¶ 2, 7.

On January 3, 2022, Respondent filed his Rule 4(c) Report, opposing compensation in this case. ECF 25. Specifically, he asserted that "Petitioner cannot preponderantly prove that her shoulder pain began within 48 hours of her November 5, 2018 flu vaccination." *Id.* at 8.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Because the record does not sufficiently support Petitioner's claims that she suffered a SIRVA injury as alleged, I issued an Order to Show Cause on November 22, 2022. ECF No. 29. In response to my Order, Petitioner filed a Motion for a Decision Dismissing her Petition. ECF No. 30. In her motion, Petitioner indicated that "[a]n investigation of the facts and science supporting this case has demonstrated to [P]etitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." *Id.* at ¶ 1. Petitioner further indicated that she "understands that a decision by the Special Master dismissing her petition will result in a judgment against her. She has been advised that such a judgment will end all of her rights in the Vaccine Program." *Id.* at ¶ 3.

To receive compensation under the Program, Petitioner must prove either 1) that she suffered a "Table Injury" – *i.e.,* an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that the vaccinee was injured by a vaccine. For these reasons, in accordance with Section 12(d)(3)(A), **Petitioner's claim for compensation is denied and this case is dismissed for insufficient proof.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.